**No. 46843.**—Protest 68178–K of Gibson Thomsen Co., Inc. (New York).

Opinion by WALKER, J. In accordance with stipulation of counsel that the merchandise consists of clothes brushes similar in all material respects to those the subject of *United States* v. *Heinrich, Herrmann & Weiss* (26 C. C. P. A. 292, C. A. D. 30) the claim at 50 percent under paragraph 1506 was sustained.

**No. 46844.**—Protest 869003–G of Strauss Bros. & Co. (New York).

Opinion by WALKER, J. It was stipulated that the merchandise consists of tape measures chiefly used in the household for utilitarian purposes. Following Abstract 43372 the tape measures were held dutiable at 40 percent under paragraph 339 as claimed.

**No. 46845.**—Protests 976461–G, etc., of C. J. Tower & Sons (Buffalo).

Opinion by WALKER, J. In accordance with the facts recited in the stipulation in this case and from an examination of the official papers it appeared that the situation involved is the same as that in *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). Following the decision in that case it was held that allowance should have been made for planing, tonguing, and grooving under the provisions of section 601 (c) (6), Revenue Act of 1932, as amended by the Canadian Trade Agreement (T. D. 48033).

**No. 46846.**—Petition 6100–R of Chee Wo Tong Co. (Seattle).

Opinion by WALKER, J. It appeared from the record made at the hearing that there were two items of yuk chuk on the invoice and that they were both invoiced and entered at .34½ Hong Kong dollars per pound, plus packing. Subsequently an amended entry was filed and it appeared that the importer intended to enter both items of yuk chuk at .62 Hong Kong dollars per pound, plus packing, but through oversight the amended entry was made to apply to only one. The collector called for reappraisement and on the record thus made the court held the value of the item of yuk chuk in question not covered by the amended entry to be .62 Hong Kong dollars per pound, plus packing. From the record the court was satisfied that in entering the merchandise at a less value than that found on final appraisement there was no intention on the part of the importer to defraud the revenue of the United States or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.